[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 28, 2008
THOMAS K. KAHN
CLERK

No. 07-11319
Non-Argument Calendar

_____

D. C. Docket No. 06-80857-CV-KLR

CLEAVON L. ALLEN,

Plaintiff-Appellant,

versus

CHARLES KING,
J. FORD, et al.

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 28, 2008)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Appellant, a Florida prison inmate, brought this action for damages under 42

U.S.C. § 1983 against the appellee police officers for allegedly using excessive

force in arresting him on August 26, 1997. The district court, acting <u>sua sponte</u>, dismissed his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) on the ground that his claim is barred by Florida's four-year statute of limitations. He now appeals the court's ruling.

There is no specific statute of limitations period for actions brought under § 1983. <u>Owens v. Okure</u>, 488 U.S. 235, 239, 109 S.Ct. 573, 576, 102 L.Ed.2d 594 (1989). Instead, the statute of limitations period for § 1983 claims is determined by the state's statute of limitations for personal injury claims. <u>Id.</u> at 240-41. "Florida's four-year statute of limitations [period] applies to" § 1983 claims. <u>Chappell v. Rich</u>, 340 F.3d 1279, 1283 (11th Cir. 2003).

Appellant's § 1983 claim arose on August 26, 1997. He delivered his law suit to prison officials for filing on September 6, 2006, nine years later. His claim is time-barred.

AFFIRMED.